TAVERN TALENT, International
Entertainment Consultants, Inc.,
and MJL, Inc., Plaintiffs,

v.

Alan CHARNES, in his official capacity
as Executive Director of the Colorado
Department of Revenue, Defendant.

Civ. A. No. 84–K–2050.

United States District Court,
D. Colorado.

May 6, 1985.

Dennis W. Hartley, Hartley, Obernesser, Vagilica, Bailey & Robinson, Colorado Springs, Colo., for plaintiffs.

Robert L. Patterson, Asst. Atty. Gen., Denver, Colo., for defendant.

## ORDER OF DISMISSAL

KANE, District Judge.

Jurisdiction is asserted on the basis of 28 U.S.C. § 1331 which grants original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States to the district courts.

The plaintiffs are purveyors of exotic dancers. Their respective businesses of supplying, consulting and providing exotic dancers have bottomed out, so to speak, because of the defendant revenue director's insistence on enforcing a Colorado Code of Regulation provision which prohibits establishments that serve alcoholic beverages from permitting employees to appear in the nude or in such state of dress that certain enumerated portions of the anatomy are exposed to view. The plaintiffs opine that the adamantine enforcement of this regulation puts unnecessary fringes on the freedom of employees to

express themselves; that such expression is enshrouded in the protective veil of the First Amendment cannot be doubted.

 The defendant's view of the plaintiffs' position is girdled by procedural objections to plaintiffs' standing and their failure to exhaust remedies provided by the state for review of the enforcement of the regulation. The plaintiffs claim that they are being deprived of revenue which would otherwise be theirs if live, nude dancing were permitted in licensed premises.[1] I find that plaintiffs do have standing by virtue of their claimed economic "injury in fact." *See, e.g., Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

Because the Supreme Court of Colorado has already ruled that the very same regulation which is subject to such stripping analysis in this case does not violate the First Amendment, the exhaustion of remedies requirement is obviated. *See Citizens for Free Enterprise v. Department of Revenue,* 649 P.2d 1054 (Colo.1982).

Meatier matters concern us, however, when directing our attention right to the nub of the controversy. In *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the United States Supreme Court upheld the constitutionality of a California provision which is identical to the Colorado regulation. Although I get nervous when anyone starts to fondle the First Amendment, it is recognized by our highest court that the Twenty-First Amendment confers more than usual police power on the states, including the right to prohibit activity in liquor licensed establishments which would otherwise be deemed protected activity under the blanket of the First Amendment. In other words, the defendant has full authority to abjure callipygian exposition in establishments subject to his regulation.

For these reasons, the motion to dismiss is granted. The case is dismissed. Each party shall bear his or its own costs.

---

**1.** The ecdysiasts are not themselves before the court. Were they to be, another question would be addressed. *viz.,* Whether the application of the regulation is overly broad. I think not since the dancers are free to express themselves in places other than licensed premises. Such a matter is more a question of geography than choreography.